CHOCTAW, OKLAHOMA & GULF RAILWAY COMPANY v. DONOVAN.

Opinion delivered January 3, 1903.

CONTINUANCE—SURPRISE.—Where an employee sued a railway company for damages alleged to have been caused by the negligence of a certain foreman in charge of the train crew, and the testimony of plaintiff and others at the trial showed that another was in charge at the time of the alleged negligence, it was error to refuse to grant defendant a continuance to meet the change in the issue.

Appeal from Prairie Circuit Court.

GEO. M. CHAPLINE, Judge.

Reversed.

*J. W. McLoud* and *E. B. Pierce,* for appellant.

The court erred in denying appellant's motion to postpone the trial.   67 Ark. 142; 66 Ark. 612; 55 Ark. 567; 57 Ark. 60.

*J. H. Harrod,* for appellee.

The granting of a motion for new trial on the ground of surprise rests in the discretion of the trial court; and its ruling will not be disturbed, unless clearly erroneous.   34 Ark. 659.

BUNN, C. J.   This is a suit for $2,500 damages alleged to have been done to the plaintiff by the negligence of an employee of the defendant.   This was denied in the defendant's answer. Trial, and verdict for plaintiff for $400.

The complaint recites, among other things, "That, on January 11th, 1900, plaintiff was working for the defendant in construction of track work, engaged in loading rock on a flat car. That plaintiff was working under the direction of one Patton, defendant's foreman, who had authority to employ and discharge men in said service, and the car, on which plaintiff was loading rock, was part of a construction train, and the train was moved under the direction of said foreman, and was under his control. That,

while plaintiff was at work loading rock on said car on said day, standing up in said car, the said car was moved under the order of said foreman without giving any warning or notice to plaintiff, and plaintiff was thrown forward, falling on his hands, and a large rock was thrown on plaintiff's right hand, striking his right fore-finger. The said fore-finger was so greatly bruised that blood poisoning set in, and his finger had to be taken off. That plaintiff suffered great pain from the wound for five weeks, and is perma-nently disabled by the loss of his finger. That plaintiff's injury was caused by the negligence of defendant in moving the train without giving him any notice or warning."

The answer denied the allegations of the complaint specifically.

On the trial, plaintiff, testifying for himself, said that Patton was not in charge of the train on the day he received the injury, but that one Degan, his assistant, was in charge and acting in his place. This was corroborated by Patton, who was present and testifying, and by all the other witnesses testifying in that behalf.

The defendant objected to the admission of all testimony going to show that any other person than Patton was in charge of the train and working gang on the day named. This objection being overruled and exceptions saved, defendant asked a continuance to enable it to procure witnesses to meet this new phase of the issue, claiming that it was thus taken by surprise by the plaintiff. The motion for continuance was overruled, and defendant was forced into trial without an opportunity to procure the attendance of Degan and other witnesses whose testimony might have changed the verdict.

The testimony which was objected to manifestly constitutes a variance with the complaint. It may not have been necessary for the plaintiff to make the allegation of negligence of a particular servant of the defendant, but, having been made, it was necessary to prove it, for by making it the defendant was necessarily and properly directed to the point of showing that Patton did not negli-gently occasion the injury complained of, and, if he were not the occasion of the injury at all, so much the better for the defense. Under the circumstances, the conclusion is inevitable that the de-fendant was taken by surprise by the plaintiff's shifting of the issue in this way, and misled in making its defense by the conduct of the plaintiff. The objectionable evidence was not admissible at the time it was produced, but this error might have been corrected

by giving defendant time to meet the issue thus changed in the midst of the trial. This was not giving a fair trial, and for the error committed, the judgment is reversed, and cause remanded for new trial. *Nickens* v. *State,* 55 Ark. 568.

There are other issues raised, but they need not arise on a new trial, and therefore need not be noticed here.