WESTERN UNION TELEGRAPH COMPANY *v.* LEWIS.

Opinion delivered February 22, 1909.

TELEGRAPH COMPANY—EFFECT OF FAILURE TO GIVE SENDEE'S ADDRESS.—A request that the jury be instructed that "sending a message to a person living in a family not of her name, in a city of 6,000 population, without street number or care of some person or place or some other aid to find the addressee, was negligence which would prevent a recovery for failure to deliver such message caused by want of a better address" was properly refused where there was testimony that the company received information of the plaintiff's address in time to deliver the message on the day it was sent, and where the court instructed the jury that if defendant's employees made inquiry and could not find plaintiff's address then there was no negligence in failing to deliver the message.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, Lula Lewis, resides in the city of Fayetteville, Arkansas, and brought this suit in the circuit court of Washington County against the defendant, Western Union Telegraph Company, to recover damages for the alleged negligent failure to deliver a telegram sent to her from Abbott, Arkansas, informing her of the serious illness of her brother. The telegram reads as follows:

"Abbott, Ark., March 7, 1907.

"Lula Lewis, Fayetteville, Ark.

"Jesse real sick. We want you to come.

"Clyde Lewis."

The testimony was substantially as follows: Clyde Lewis was a brother of the plaintiff, Lula Lewis, and of Jesse Lewis, who died about ten o'clock A. M. on March 10, 1907, at Abbott, Arkansas. On the 7th day of March, 1907, about ten o'clock A. M., he delivered the telegram in question to the agent of the defendant at Abbott, and paid the charges for the transmission of same to Fayetteville, Ark. Abbott is on the Rock Island railroad about three miles from Mansfield, the junction between said railroad and the San Francisco railroad. Fayetteville is on the latter railroad. At that time the trains ran so that a person leaving Fayetteville on the midnight train would reach Abbott the

next morning about eight o'clock, or leaving on the early morning train would arrive at Abbott in the afternoon of the same day. The plaintiff at the time the message was sent, and for about three years prior thereto, had lived in Fayetteville, a city of about 6,000 inhabitants, at the residence of her cousin, A. F. Wolf, a well known business man of that city. The telegram was received at the Fayetteville office at 1:35 o'clock P. M. on March 7, 1907, but was never delivered. A. F. Wolf was well known to the agent of the defendant company. The plaintiff had great affection for her deceased brother, and had corresponded with him regularly during the time she had resided in Fayetteville. She did not know of the illness of her brother until she received the news of his death on the 10th inst., when she immediately left for Abbott. She stated that she would have gone at once on the 7th inst., had she received the message. Thus far there is no dispute about the facts. The testimony on the part of the plaintiff showed that the residence of A. F. Wolf was about one-fourth of a mile distant from the telegraph office. That plaintiff and her place of residence were well known to the principal business men of Fayetteville, and especially to those whose places of business were near to the telegraph office. That on the afternoon the message was received one of the distributing clerks in the post office told one of the messengers of the defendant company that the plaintiff received her mail at the residence of A. F. Wolf. That this information was given in response to an inquiry as to where she lived, in order that the messenger might deliver a telegram to her.

The testimony on the part of the defendant company is to the effect that they made diligent effort to find the addressee of the message and were unable to do so, and it contradicted that part of the plaintiff's testimony to the effect that one of its messenger boys, who had the message for delivery, was informed of the place of residence of the plaintiff.

There was a jury trial and verdict for plaintiff in the sum of five hundred dollars. The defendant has duly prosecuted an appeal.

*Mechem & Mechem,* for appellant.

1. The court should have charged the jury that there was no evidence before them of any negligence at Abbott.

2. "Sending a message to a person living in a family not of her name in a city of 6,000 population, without street number or in care of some person or place or some other aid to find the addressee, was negligence which would prevent a recovery for failure to deliver such message caused by want of a better address," and the court's refusal so to instruct the jury was erroneous. 18 S. E. 980; 60 S. W. 87; 62 S. W. 136; 74 S. W. 943; 76 S. W. 613.

*Walker & Walker,* for appellee.

1. No evidence tending to show any negligence at Abbott, the court correctly refused to charge the jury that there was no evidence of neglect at that point. The case was presented and argued solely on the theory of negligence at Fayetteville.

2. There was no error in refusing the instruction set out in appellant's second ground relied on for reversal. It was a question of fact, under the circumstances, for the jury to determine whether or not negligence had been proved on the part of appellant.

HART, J., (after stating the facts.) Two assignments of error are urged for a reversal.

1. It is insisted that the court erred in refusing to instruct the jury that there was no evidence of negligence at Abbott. There was no prejudice in this. At the conclusion of the testimony of the appellee, all evidence tending to show any negligence on the part of the company at Abbott was withdrawn from the consideration of the jury. The instructions of the court show that the case was submitted to the jury solely upon the charge of negligence at Fayetteville. The minds of the jury were directed clearly and explicitly to the question of negligence at Fayetteville, and thus it appears that the question of negligence at Abbott was eliminated from the case.

2. Counsel for appellant contends that the court erred in not instructing the jury that "sending a message to a person living in a family not of her name in a city of 6,000 population, without street number or care of some person or place or some other aid to find the addressee, was negligence which would prevent a recovery for failure to deliver such message caused by want of a better address." There was no error in refusing this instruction.

The instruction asked for shows by its own terms that the object of a more definite address was to enable the company to find the addressee of the message. The testimony on the part of appellee showed that the company received information of her place of residence in time to have delivered the message on the day it was sent, and to have enabled her to have reached the bedside of her brother two days before his death. On the other hand, the company denies that it received this information, and claims that it was unable to find appellee although it made diligent efforts to do so. The want of a definite address could not excuse the company for failure to deliver the telegram unless it caused or contributed to the failure. *Arkansas & La. Ry. Co.* v. *Stroude,* 82 Ark. 117.

At the request of the appellant the court did give the following instruction:

"If you find that Fayetteville is a city of 6,000 people, that plaintiff is an unmarried woman living in a family of another name, that she never received a telegraphic message in Fayetteville, that the employees of the defendant at Fayetteville did not know her, that they inquired of the Post Office employees and others likely to know those living in Fayetteville and could not find her, then there was no negligence of the defendant at Fayetteville."

This presented to the jury the issue upon the disputed question of fact, and was all that the appellant had a right to have given upon this point.

No other questions are raised by the record. Therefore, finding no prejudicial error, the judgment is affirmed.