WESTERN UNION TELEGRAPH COMPANY v. WEBB.

Opinion delivered March 28, 1910.

TELEGRAPHS AND TELEPHONES—NEGLIGENCE—EVIDENCE.—Where the complaint, in a suit against a telegraph company for negligence in the transmission of a message, alleged that the defendant was negligent in transmitting the message, evidence tending to prove that the defendant was negligent in delivering the message after it was transmitted was improperly admitted.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

The Western Union Telegraph Company has appealed from a judgment rendered against it in the Lonoke Circuit Court in favor of Sidney B. Webb for damages for mental anguish, suffered by him on account of the alleged negligence of appellant in transmitting a telegram sent by him concerning the burial of

his mother. The complaint charges negligence on the part of appellant at Eudora, Arkansas, a relay station of appellant's line, and no allegation of negligence elsewhere is made in the complaint.

The facts, briefly stated, are as follows: The appellee, Sidney B. Webb, lived at England, Lonoke County, Arkansas. His mother was ill at a sanatorium at Shreveport, Louisiana. She died on the morning of the 4th day of December, 1908, and one of his brothers immediately telegraphed him, announcing her death, and notifying him that he would take her body for burial to Pioneer, Louisiana, their old home.

Appellee was in Jefferson County when he received the message, and at once started for Pioneer. When he reached Pine Bluff, Arkansas, he delivered to appellant for transmission about 10 o'clock P. M. the following message:

"Pine Bluff, Ark., Dec. 4, 1908.

"To Jesse and Joe Webb,
                    "Pioneer, La.

"I will arrive tomorrow, but use your judgment as to burial.
                                                    "Sidney."

He informed the agent that his mother was dead. That he was on his way to the place where she was to be buried, and that the message related to her burial. Appellee knew that his brothers did not live at Pioneer, but he knew they would go there with his mother's remains, and expected the message to be delivered to them or to their friends. Appellee at once proceeded on his journey, and on the same night reached McGehee, Arkansas, where he had to lay over until the next morning. On the morning of the 5th inst. he went to Eudora, Arkansas, where he again had to change trains. While there, he went into the telephone office about 12 o'clock M. for the purpose of sending a message to Pioneer, and while there he heard the agent of appellant, whose office was in the same room and who heard him trying to telephone to Pioneer about the burial of his mother, say to a fellow employee: "Here is that message that has been here for several hours. Haven't you got that message down there yet?" Appellee saw the message referred to, and said it was the one he had delivered to appellant for transmission. Appellee arrived at Pioneer about 4 o'clock P. M., and at once proceeded

to the burial ground, which was two or three miles distant, but on the way met his brothers returning from there.

Jesse Webb, for appellee, testified that they did not receive his brother's message until after they had returned from the burial, and that, had they received it in time, he would have awaited appellee's arrival before interring the body. He said the message was delivered to him by W. B. Redmond, a friend, about dark after he returned from the funeral.

The operator of appellant at Pioneer testified that it was a small place of five hundred inhabitants, and he usually kept office hours from 6 A. M. to 7 o'clock P. M., and that he delivered the telegram in question to B. K. Webb, a cousin of appellee, and his brothers between 9 and 10 o'clock on the morning of the 5th day of December, 1908.

Jesse Webb, for appellee, testified that B. K. Webb was at the funeral, and said nothing about having received the message.

*George H. Fearons, Trimble, Robinson & Trimble* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

Pleadings are considered amended to conform to the proof only when no objection is made to the proof. 71 Ark. 197; 67 Ark. 142. Plaintiff must show that the addressee was at the destination of the telegram. 93 Ark. 415; 7 So. 419; 41 So. 405; 65 App. Div. (N. Y.) 149; 84 N. Y. S. 54; 32 S. W. 207.

*George M. Chapline, F. T. Vaughan* and *Palmer Danaher,* for appellee.

The undertaking of the telegraph company was to deliver the message to the addressee. 87 Mo. App. 533; 84 Ind. 176; 54 Mo. App. 391. A motion for a new trial on the ground of surprise is addressed to the sound discretion of the trial judge, and that will not be controlled by the appellate court unless clearly wrong. 34 Ark. 663; 18 Ark. 574; 20 Ark. 62; Hill on New Trials 379. It is not necessary to show that the addressee was at the destination of the telegram. 53 Ark. 434; 41 Ark. 79. Plaintiff is entitled to damages for mental suffering. 77 Ark. 531; 84 Ark. 457; 87 Ark. 303; 82 Ark. 526; 78 Ark. 545. A general objection to an instruction is not sufficient. 65 Ark. 54; 89 Ark. 24; *Id.* 537; 88 Ark. 181; 87 Ark. 396; 84 Ark. 81; 65 Ark. 255; 82 Ark. 555; *Id.* 387; 75 Ark. 325.

HART, J., (after stating the facts).  The first and principal ground of reversal urged by counsel for appellant is that the court erred in admitting the testimony of Jesse Webb to the effect that the telegram in question was delivered to him by W. B. Redmond about dark after he had returned from the burial of his mother, and that this was the first time he had seen it.  We are of the opinion that the court erred in admitting this testimony.  The complaint specifically alleged that the negligence occurred at Eudora, and no charge of negligence elsewhere was made.  The appellant joined issue on this alleged act of negligence, and prepared to meet it.   In the midst of the trial the testimony referred to was offered.  It tended to show negligence on the part of appellant at Pioneer, which was not in issue by the pleadings.  Counsel for appellant objected to its introduction on this ground, and claimed that they were taken by surprise, and were not prepared to meet it.  They asked that, if the pleadings should be considered amended so as to put it in issue as a new or additional ground of negligence, they be granted a continuance.  The court, after some argument on the part of counsel on both sides in regard to the matter, granted leave to counsel for appellee to amend their complaint so as to charge negligence at Pioneer.  Counsel for appellee declined to so amend, and the court permitted the testimony to be introduced over the objections of counsel for appellant.  Their exceptions to the ruling of the court were saved, and the alleged error constitutes one of their grounds for a new trial.  It will be seen that this is not a case where the pleadings will be considered amended to conform to the proof; for counsel for appellant specifically objected to the introduction of the evidence, and counsel for appellee, although granted leave to do so, declined to amend their pleadings so as to charge negligence on the part of appellant at Pioneer.  The action of the court was in effect to permit a recovery upon an issue not in the case, and which could not be brought into the case because it had not been pleaded, and appellee specifically declined to plead it when granted leave to do so.  We cite as bearing on the question and supporting the rule announced the following cases:  *Westmoreland* v. *Plant*, 89 Ark. 147; *Choctaw, O. & G. Rd. Co.* v. *Donovan*, 71 Ark. 197; *St. Louis & S. F. Rd. Co.* v. *Vaughan*,

84 Ark. 311; *St. Louis, I. M. & S. Ry. Co.* v. *Power,* 67 Ark. 142; *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 63 Ark. 563.

A recognition of the rule was made in the case of *Western Union Telegraph Co.* v. *Lewis,* 89 Ark. 375, in which we said: "It is insisted that the court erred in refusing to instruct the jury that there was no evidence of negligence at Abbott. There was no prejudice in this. At the conclusion of the testimony of the appellee, all evidence tending to show any negligence on the part of the company at Abbott was withdrawn from the consideration of the jury. The instructions of the court show that the case was submitted to the jury solely on the charge of negligence at Fayetteville. The minds of the jury were directed clearly and explicitly to the question of negligence at Fayetteville, and thus it appears that the question of negligence at Abbott was eliminated from the case."

This was not done in the present case. As we have already seen, the testimony was admitted over the objections of appellant, and after appellee had declined to amend his complaint to allege negligence at Pioneer.

The instructions given at the request of appellee and over the objections of appellant submitted to the jury the question of negligence of appellant generally, and without reference to the particular act of negligence alleged in the complaint.

Inasmuch as appellee on a new trial may elect, and be granted leave by the court, to amend his complaint to put in issue the alleged negligence at Pioneer, we need not consider the other assignments of error.

For the error in the admission of the testimony of Jesse Webb as indicated in the opinion, the judgment will be reversed, and the cause remanded for a new trial.