No. 22,785.

DOROTHY LOWE, *Appellee,* v. H. C. NEU and W. E. NEU, *Appellants.*

SYLLABUS BY THE COURT.

1. NEW TRIAL GRANTED—*No Appeal Taken.* There being no appeal from a ruling setting aside a verdict in a former trial, the proceedings in that trial have no place in the abstract.

2. PROMISSORY NOTE—*Trial—Verdict Defective in Form—Correction by Trial Court.* In an action on a promissory note, it is held that the action of the court in correcting the verdict to include interest, and in accordance with the instructions, was proper under the provisions of section 293 of the code (Gen. Stat. 1915, § 7193), which authorizes the court with the assent of the jury, to correct a verdict which is defective in form only.

3. SAME — *Amendment of Pleadings — Judicial Discretion.* An amendment to the pleadings to conform to the proof held not to be an abuse of discretion.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed December 11, 1920. Affirmed.

*T. E. Stewart,* and *John Hartzler,* both of Goodland, for the appellants.

*E. F. Murphy,* and *Elmer E. Euwer,* both of Goodland, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Dorothy Lowe, the appellee, owned an automobile. Her husband, T. V. Lowe, with her authority sold it to the appellants, taking their note payable to himself for part

of the purchase price. He endorsed and delivered the note to his wife. This action was brought to recover a balance due on the note.

The answer admitted the execution of the note and alleged that appellants sold the automobile to a third party and took in payment their notes which they afterwards delivered to T. V. Lowe in settlement of the note sued upon. They asked that T. V. Lowe be made a party defendant. He answered the cross petition with a general denial. The verdict was against the appellants, and the jury made findings to the effect that the note had at all times belonged to Dorothy Lowe.

It seems that a verdict against Dorothy Lowe and in favor of appellants at a former trial was set aside. The notice of appeal contains no reference to the first trial nor to the ruling granting a new trial but the testimony and the entire proceedings of both trials, more or less intermingled and confused, are set forth in the abstract. The proceedings in the former trial have no place in the abstract and serve only to confuse the issues. There being no appeal from the ruling, the claim that it was error to grant a new trial cannot be considered. However, it has often been held that when the trial judge is of the opinion that the verdict is not warranted by the testimony it is his duty to set it aside and grant a new trial. (*Hudson v. Riley*, 104 Kan. 534, 180 Pac. 198.)

There is no merit in the contention that there was error in the manner in which the verdict was returned. When the verdict was handed up the court examined it and discovered that it was for $321.54, the amount of the principal of the note that remained unpaid. The jury had been told in an instruction that if they found in favor of Mrs. Lowe they should find the amount due on the note with interest, and before receiving the verdict, the judge inquired of the jury whether it was the intention to allow interest. The foreman explained that it was, but that there had been some question in the minds of the jury whether they were to find the amount of interest. After correcting the verdict so as to include interest, the court read it to the jury and asked if it was the verdict of each and all of them, and being assured that it was, the verdict was received. This accords with the general practice of courts. The code, section 293 (Gen. Stat. 1915, § 7193), authorizes

the court, with the assent of the jury, to correct a verdict which is "defective in form only." The inquiry by the court disclosed that the verdict was defective only in form and that there was no intention to find a verdict for less than was due on the note.

In the petition it was alleged that the appellants, being indebted to T. V. Lowe, gave their note to him and that afterwards he endorsed the note to his wife. At the close of the evidence, and over appellants' objections, the court permitted an amendment to the petition striking out the name of T. V. Lowe and inserting that of Dorothy Lowe. In support of their objections appellants introduced evidence to show that they had prepared their defense on the theory that the husband owned the automobile and the note when it was given. No postponement of the case was asked nor any showing made that new evidence could be produced to affect the issues. The nature of the cause of action was not changed, and the record conclusively shows that appellants were not prejudiced by the amendment which rested wholly in the discretion of the court. There was no abuse of discretion. In fact, the finding of the jury to the effect that Dorothy Lowe was the owner of the note and of the debt which it represented left no basis for any of the matters urged in defense of the action.

The judgment is affirmed.