(75 N. W. Rep. 797.)

---

## THOMAS J. BUXTON *vs.* HOMER E. SARGENT.

Opinion filed May 14th, 1898.

### Lis Pendens—Purchaser Pendente Lite.

A purchaser *pendente lite* from one who is not named as a party defendant in a notice of *lis pendens* is not affected by the final judgment in the case.

### Purchaser With Knowledge.

But if the person from whom he buys is in fact a party to the suit, and the purchaser knows of such action against him at the time of the purchase, he takes the property which is involved in the action subject to the final judgment therein.

### Presumption is Against Notice.

But the presumption is that he did not have such notice when he bought.

### Owner Must be Named in Lis Pendens.

Under the system of numerical indexing in this state, the rule remains unchanged that the purchaser *pendente lite* is not bound by the judgment unless the person from whom he buys is named in the notice of *lis pendens* as a party defendant.

### Action to Quiet Title—What May be Litigated.

In an action to quiet title, only estates and interests in land can be litigated. A mere lien thereon cannot be investigated against the wishes of either party.

### Liens.

But, if both parties try such a question, the court will pass upon it the same as the question of title.

### Amending Pleading to Correspond With Proof.

The rule that the pleadings will be amended to conform to the proof does not apply when the evidence which it is claimed tends incidentally to establish a fact outside of the issues was competent and relevant on the actual issues in the case. Unless the record shows that such evidence was offered, to the knowledge of both parties, to prove the fact foreign to the issues as well as the one embraced within such issues, the law will presume that it was introduced for the only purpose for which it was, under the pleadings proper.

Appeal from District Court, Barnes County; *Glaspell*, J.

Action by Thomas J. Buxton against Homer E. Sargent to quiet title to certain lands. Plaintiff had judgment, and defendant appeals.

Affirmed.

*Ball, Watson & Maclay,* for appellant.

A vendor's lien by statute is subject to the rights of those purchasers only who have bought in good faith and for value. Sections 4830, 4832, Rev. Codes. The action to determine adverse claims to land is equitable in its nature. 3 Pom. Eq. Jr. 1396; *Book* v. *Mining Co.,* 58 Fed. Rep. 827. The burden was on plaintiff to show that he or some one of his predecessors in title purchased the property in good faith for value. *Simpson* v. *Del Hoyo,* 94 N. Y. 189; *Seymour* v. *McKinstry,* 12 N. E. Rep. 348; *Seymour* v. *McKinstry,* 14 N. E. Rep. 94; *Weaver* v. *Borden,* 49 N. Y. 286–298; *Bowman* v. *Griffith,* 53 N. W. Rep. 140; *Shotwell* v. *Harrison,* 22 Mich. 410. The reason of the rule as to the burden of proof in the case of negotiable paper where the paper has its inception in fraud applies equally to such cases as the one at bar. *Seymour* v. *McKinstry,* 12 N. E. Rep. 348; *Morris* v. *Daniels,* 35 Ohio St. 406; *Rush* v. *Mitchell,* 32 N. W. Rep. 367; *Vosburgh* v. *Diefendorf,* 23 N. E. Rep. 801. The recital in the deed is not evidence of payment of consideration. 2 Devon Deeds, 821; *Lake* v. *Hancock,* 20 So. Rep. 811; *Shotwell* v. *Harrison,* 22 Mich. 410; *Morris* v. *Daniels,* 35 O. St. 406; *Houston* v. *Blackman,* 66 Ala. 559; *Halland* v. *Allen,* 59 Ala. 283; *Sillyman* v. *King,* 36 Ia. 207; *Galland* v. *Jackman,* 26 Cal. 79; *Bolton* v. *Johns,* 47 Am. Dec. 404.

*John W. Gilger,* and *Winterer & Winterer,* for respondent.

Plaintiffs title came through Sarah E. Kindred and she was not a party to the action of *Paine* v. *C. F. Kindred,* and *H. E. Sargent,* neither was she mentioned in the notice of *lis pendens.* When the *lis pendens* was filed, Sarah E. Kindred owned legal title to the lands. *Jorgenson* v. *M. & St. L. R. Co.,* 25 Minn. 209; *Leitch* v. *Wells,* 48 N. Y. 609; Bennett on *Lis Pendens,* 371–2;

§ 5251, Rev. Codes. To affect a purchaser who comes in *pendente lite* under the holder of the legal title, with constructive notice of the equity claimed against it, the holder of the legal title must have been impleaded at the time of the purchase. Should he be brought in subsequent to the purchase the *lis pendens* would not take effect by relation so as to charge the purchaser with notice. *Parsons* v. *Hoyt*, 25 Ia. 157; *Bailey* v. *McGregor*, 46 Ia. 669; *Carr* v. *Callaghan*, 3 Littell, 371; *Marcey* v. *Fenwick*, 9 Dana, 199; *Fenwick* v. *Marcey*, 2 B. Mon. 470; Wade on Notice, 355; Bennett on *Lis Pendens*, 162–446; 13 Am. and Eng. Enc. L. 882 and n. Only those are charged with notice whose purchase might render ineffective the decrees of the court. *French* v. *The Loyal Co.*, 5 Leigh, 627; *Miller* v. *Sherry*, 2 Wall. 250; *Hunt* v. *Haven*, 52 N. H. 162. Recitals in a deed may in a proper case be and become *prima facie* evidence of the payment of a consideration. *Hoyte* v. *Jones*, 31 Wis. 404. Opinion of Campbell, J., in *Shotwell* v. *Harrison*, 22 Mich. 423; *Lacustrine Fer. Co.* v. *L. G. & Fer. Co.*, 82 N. Y. 483; *Wood* v. *Chapin*, 3 Keyes, 509; *Jackson* v. *McClusky*, 2 Cow. 360; § § 3880, 3881, Rev. Codes.

CORLISS, C. J. The ownership of certain real estate is involved in this cause. The action was brought to quiet the plaintiff's title to the property. Defendant denied that plaintiff was the owner of the fee, and set up that he was himself the owner thereof. The prayer of his answer was that his own title might be quieted as against plaintiff's claim. To this counterclaim plaintiff interposed a reply, alleging anew the fact that he was the fee owner, and denying that defendant had any interest in the land. Plaintiff was successful below. Defendant brings the case here for trial anew.

It is undisputed that Charles F. Kindred was the owner of the premises in question in fee simple on the 10th day of July, 1885, when he conveyed the same to Frank B. Thompson, who in turn transferred them to Sarah E. Kindred on July 15, 1885. Both of these deeds were recorded, the former July 13, 1885, and the

latter February 19, 1886. On the 13th of August 1888, Sarah E. Kindred conveyed a portion of the property to the plaintiff, and the remainder thereof to the plaintiff and Charles McReeve. McReeve, on the 2d of July, 1890, deeded his one-half interest to the plaintiff, who thus became the owner of the entire property. All of these deeds were recorded prior to February 12, 1890. This brief recital of facts makes it evident that plaintiff is the owner of the property in fee simple unless his rights have been destroyed by the judicial proceedings under which the defendant claims, and to which reference will now be made. Charles F. Kindred, who it is conceded is the common source of title, purchased the land from Mark Paine, and on the 7th day of July, 1889, Paine commenced an action to enforce a vendor's lien on the land by the issuance of a summons, and the filing of a complaint and a notice of *lis pendens*. The parties defendant to this action were Charles F. Kindred and Homer E. Sargent, although at this time the title to the land had been transferred to Sarah E. Kindred by deeds which were then on record. Nothing appears to have been done with this action except to procure the return of the sheriff that the defendants could not be found for service, until the 12th of February, 1890, when an alleged amended summons and complaint were filed in the clerk's office. In these papers the two original defendants were named as defendants, and also Frank B. Thompson, Sarah E. Kindred, and Edgar W. Wylien. At the time the amended summons and complaint were filed the title to the land had, as appeared by the public records, been transferred to the plaintiff herein, and yet he was not made a party defendant. Nor was any new notice of *lis pendens* filed, or attempt made to amend the old notice. It is impossible to discover any sound principle which will justify a decision that plaintiff is bound by the final judgment in the action to establish and foreclose the vendor's lien. Judgment having been rendered in such action adjudging that the plaintiff therein was entitled to a lien on the land, and directing a sale thereof to satisfy such lien, the defendant's grantor purchased the property

on the sale under such judgment, and thereafter conveyed the land to defendant. It is obvious that defendant cannot successfully contest the plaintiff's title to the property except on the ground that the judgment in the action to enforce the vendor's lien is binding on plaintiff, although he was not a party to the action. The basis of the defendant's claim that the plaintiff is bound by this judgment is that he is a purchaser of the subject of the litigation *pendente lite.* But this is not enough to make the judgment conclusive against him. The plaintiff must have bought from a party, or from some one who had himself purchased from a party. The common law did not declare that, after bill filed and subpœna served, all persons who might deal with the property in litigation should be concluded by the judgment, but only those who succeeded to the interest of a party to the suit. So far as that particular interest was concerned, the law, for obvious reasons, would not suffer any interference therewith *pendente lite* to affect the binding force of the final decree. It charged all persons with knowledge of the proceeding, and announced to them that they became interlopers at their peril. But those who purchased of strangers to the litigation were not affected by the final judgment, but could, despite such judgment, assert all rights which they had by such purchase secured. A purchaser *pendente lite* must know whether his grantor's rights are involved in litigation, but he need not inquire whether strangers are struggling among themselves about the same property. 13 Am. and Eng. Enc. Law, 882, and cases cited; Benn. *Lis Pend.* 162. In this state the filing of the bill or complaint is no longer sufficient to give subsequent purchasers constructive notice of the pendency of the action. The plaintiff, if he would secure a judgment which will bind such purchasers, must file in the proper office a notice of *lis pendens* containing the statements specified in the statute. Revised Codes, section 5251. It is true that the plaintiff in the action to enforce the vendor's lien did, in fact, file a notice of *lis pendens.* But this notice was not sufficient to affect the plaintiff, because it did not contain as a party

defendant the name of the person from whom plaintiff purchased, and who was, when the notice was filed, the owner of the property according to the public records and in fact. Moreover, there was no action pending at that time against Sarah E. Kindred, from whom plaintiff bought. Both the complaint on file in the action which was then pending, and the notice of *lis pendens* filed therein, informed the plaintiff that no effort was being made to affect the interest of Sarah E. Kindred, who apparently and in fact was the only person who had any interest in the land, but that the plaintiff was proceeding against a third person, who was a stranger to the title, to obtain a decree. Should we regard the new summons and complaint which were filed three years later without any order of the court authorizing an amendment of the original summons and complaint as a legal amendment thereof, still the defendant can claim nothing from this concession, as the plaintiff was already the owner of the land when the new summons and complaint were filed. His deeds were then on record. And, even if these papers had been filed anterior to his purchase, still he would not be affected by the judgment rendered in that action, for the reason that no new notice of *lis pendens* was ever filed, nor was the old one ever amended. When plaintiff bought the land, there was on file no summons or complaint or *lis pendens* which informed him that any action had ever been brought against the person from whom he bought; neither was there anything on file which informed him that his grantor had notice, through the filing of a notice of *lis pendens*, at the time she purchased, that there was any action pending against her grantor, Thompson, or his grantor, Charles F. Kindred. When Charles F. Kindred conveyed to Frank B. Thompson and Frank B. Thompson conveyed to Sarah E. Kindred, no action had been commenced at all. When Sarah E. Kindred sold to plaintiff, there was on file a complaint and notice of *lis pendens*, which informed the world that the plaintiff therein was seeking to enforce a vendors lien, not against Sarah E. Kindred, from whom plaintiff bought, but against an entire

stranger to the title. It would, indeed, be a novel doctrine if, under these circumstances, the plaintiff was chargeable with notice of a different action against different parties, *i. e.* one against the person from whom he obtained his title.

But it is urged that under our system of numerical indexing (sections 1954, 1955, Revised Codes) the mere filing of a notice of *lis pendens* describing the land constitutes constructive notice to all purchasers, though they deal with one who is not named as a party defendant either in the notice or in the complaint. The fallacy of this contention lies in the assumption that all actions affecting property are proceedings strictly *in rem*. In such a proceeding it is true that no particular person is named as defendant, for all interests in the *res* are attacked thereby, and it would follow that a purchaser could not complain that the person from whom he bought was not a formal party to the action, for he is bound to know that everyone who has any interest in the *res* is a party. Indeed, in proceedings strictly *in rem* no notice of *lis pendens* is ordinarily necessary, for the court, by seizing the property, renders it impossible for any one to buy *pendente lite*, and yet claim to be a good faith purchaser. Our statute providing for the filing of such a notice does not apply to proceedings strictly *in rem* at all, for it contemplates that there will be personal defendants to the suit. In proceedings *in rem* there are no personal defendants. The thing itself is the defendant on the record from the beginning to the end of the case. Our law regulating the filing of the notice is framed on the theory that in actions whose object is to affect the interests of particular persons in real property such persons shall be made parties defendant, and shall be named in the notice, to the end that by a bare inspection thereof the purchaser can ascertain whether there is an action pending which can possibly affect, not the land itself, but the interest in the land of the particular person from whom he intends to buy. We therefore conclude that one who contemplates dealing with a particular person with respect to land need not inquire about any suits affecting such land to which the

person with whom he intends to deal is not a party. Had the complaint on file itself contained the names of the real owners at the time plaintiff bought, a different case might be presented. But this was not the fact. Neither the pleading nor the notice informed plaintiff of any suit which could possibly affect the interest of the person from whom he was about to buy. The amended complaint, which did contain the name of the real owner, was not filed until after plaintiff had bought, and had placed his deeds on record. It follows from what we have said that the plaintiff is in no manner bound by the judgment in the action, and hence as to him such judgment and the sale thereunder are ineffectual to vest any title in the defendant. It is true that the action was pending against his grantor at the time he bought, and if the complaint therein and a proper notice of *lis pendens*, had at that time been on file he would have been constructively a party to the suit, and as such concluded by the final judgment rendered therein. Nor would it be necessary, to make such judgment binding on him, that these steps should have been taken. If the plaintiff had actually known of the pendency of the action, he would have been in no better position with respect to such judgment. But we cannot presume that he had such notice. When the suitor neglects to avail himself of the protection of the statute, he must prove that the purchaser in fact knew of the action, if he would establish the proposition that the judgment therein binds the purchaser the same as those who were actually parties to the suit. There is no presumption that the purchaser has been guilty of an attempt consciously to defeat the jurisdiction of the court. To impute such a purpose to him is to impute to him a fraudulent intent,—a deliberate design to render abortive all that the court has done and will thereafter do in the action. The law, so far from presuming this, presumes exactly the contrary. The plaintiff in the action has no occasion to complain, because the law will not assume that the purchaser knew of the pending suit. Let the plaintiff proceed against the proper parties, and file a proper notice of *lis pendens*, and he will have no occasion to show that the

purchaser knew of the action, for then the judgment will bind such purchaser without respect to the question of actual knowledge. Neither can the one who buys at the sale under the judgment complain that the law casts upon him the burden of proving that the purchaser *pendente lite* had knowledge of the litigation. Let him refuse to buy unless the public records inform him that he can, as a matter of right, use the judgment as conclusive against all who buy from the real owners of the property pending the action.

The question of the burden of proof is important under the facts of this case. If the burden were on the plaintiff to show that he did not know of the action against his grantor at the time he bought, he would fail, as there is no evidence at all in this record on the subject of his knowledge of that action at that time. The judgment would be conclusive against him, because he would be presumed to have knowledge of the action when he took his deeds. It would follow that the sale under such judgment would devest the title of the plaintiff under the conveyance the same as such sale would devest the title of a party to the suit. But the presumption is against the plaintiff having notice of the action, and, there being no evidence to rebut it, we must find that he bought in good faith without notice. As against such a purchaser the judgment is without force, and the consequence is that the plaintiff's title to the land is unaffected thereby, or the sale thereunder.

Defendant has in this court sought to sustain a vendor's lien as against the plaintiff. But in view of the statute, and the state of the pleadings, and also of what took place on the trial in the court below, we are unable to pass on this point. If he has such a lien, and if it can be enforced as against the plaintiff, he must assert his rights thereunder in some other proceeding. This is an action to quiet title under section 5904, Revised Codes. In such an action no question of lien can be litigated by either party against the wishes of the other. Estates and interests in land may be contested in such a suit, but not the right to a mere lien

thereon. *Bidwell* v. *Webb*, 10 Minn. 59, (Gil. 41;) *Power* v. *Bowdle*, 3 N. D. 111, 54 N. W. Rep. 404. Our statute in terms confines the parties to the litigation of estates and interests in land. "An action may be maintained by any person having an estate or interest in real property against another who claims an estate or interest therein adverse to him for the purpose of determining such adverse claim." Rev. Codes, § 5904. It is true, that, when both of the litigants actually try in such an action a question of lien, the courts will not refuse to pass upon that question, but will, on the contrary, render judgment thereon the same as if it had been a proper issue in the case. *Power* v. *Bowdle*, 3 N. D. 112, 54 N. W. Rep. 404. But in the case at bar there is nothing to show that the parties intended to or did try in the lower court the question whether defendant held a vendor's lien on the land which he could enforce as against the plaintiff. The only issue presented by all the pleadings, the complaint, answer, and reply, was as to the ownership of the land in fee simple, each party insisting that he was such owner. On the trial not a particle of evidence relevent to the question of lien was offered by either party. The only evidence which, by any stretch of the imagination, could be held to have any bearing on the question of lien, is the judgment itself. But we must assume that this was offered on the issue of title, the only issue before the court, and therefore the only issue which the parties are presumed to have intended to try. On that question it was competent and relevant; nay; it was indispensable. Defendant derived his title from the sale under the judgment, and it was, therefore, necessary that he should prove such judgment. Of the fact that such a judgment had been rendered the judgment itself was the best, and therefore the only competent, evidence. Defendant was compelled to introduce it on the question of title, the only question which, according to his answer, was being litigated; and plaintiff had a right to assume that defendant did not offer it for any other purpose. Certainly the plaintiff was not bound to assume that the defendant offered it on an issue which the pleadings did not

disclose. The case is not analogous to a case where parties without objection introduce evidence on points not embraced within the issues. In such a case the pleadings will be amended to correspond to the proof. But this rule must not be applied when it would work a surprise to one of the parties to the suit. It rests upon the acquiescence of both of the parties. But no such acquiescence is established when evidence competent, relevant, and even indispensable under the issues which the pleadings create, may incidentally tend to prove another fact not within the issues in the case. The learned District Judge himself made no finding of fact with reference to a vendor's lien, nor is there any mention of the subject either in the conclusions of law or the judgment in the case. Everything in the court below from the answer to final judgment shows that the only matter litigated was the ownership of the land in question. The judgment in this case will therefore not affect the vendor's lien, if any such exists; but the defendant, as equitable assignee thereof under the purchase of the property on the sale under the judgment (assuming but not deciding that such a lien can be assigned,) will be entitled, despite this judgment, to proceed to enforce the same, subject, of course, to all the defenses which can be interposed thereto.

The judgment of the District Court is affirmed. All concur.