STATE EX REL. BARKER, RELATOR, v. DISTRICT COURT
OF THE EIGHTH JUDICIAL DIS-
TRICT, RESPONDENT.

(No. 1,792.)

(Submitted March 17, 1902.   Decided March 20, 1902.)

*Administrators—Settlement of Accounts—Turning Over Property to Special Administratrix—Jurisdiction to Require—Certiorari.*

1.   The district court, in settling the account of an administrator, had jurisdiction to require him to turn over to the special administratrix certain property which had come into his possession in his representative capacity, though there was a dispute as to the ownership of the property, the administrator claiming it in his private capacity as agent for a third party.
2.   The administrator, in his private capacity, was not a party in interest aggrieved by the order requiring him to turn over the property, and could not bring *certiorari* to have it reviewed.

MR. JUSTICE PIGOTT dissenting.

CERTIORARI by the state, on the relation of David L. S. Barker, to review an order of the district court of the Eighth

judicial district of Montana in and for Cascade county. Writ quashed, and proceedings dismissed.

*Mr. Fletcher Maddox, Mr. H. G. McIntire* and *Mr. S. H. McIntire,* for Relator.

*Mr. W. G. Downing, Mr. T. E. Brady* and *Mr. W. F. O'Leary,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This cause is before the court upon the motion of respondent to quash the certain writ of *certiorari* heretofore issued herein, and to dismiss the proceedings.

By an order of the district court, in probate, D. L. S. Barker, administrator of the estate of E. J. Barker, deceased, having resigned his office, was required to turn over to Marcella Barker, special administratrix, certain mining stock certificates, said Marcella Barker having been duly appointed as such special administratrix. Mr. Barker prays in his petition herein that the order of the court be annulled on the ground that the court exceeded its jurisdiction. His petition is made in *propria persona,* and not as administrator, he setting up that the certificates are in his possession as the agent of one Jane Barker, who, he says, is the owner thereof, and that they were not at any time the property of the deceased.

We may not go into the evidence to determine who owned or owns the stock. It appears from the record certified to this court that at the time the court below made the order complained of by petitioner the certificates were in the hands of Mr. Barker, who was then settling his accounts as administrator, and that they had been in his hands while acting as administrator, having, as the court states in its order, received them into his possession with certain other effects found in the possession of the intestate at the time of his death, the said certificates having been issued in the name of Jane Barker, and

by her indorsed in blank; and thus the property in question would appear *prima facie* to be the property of the estate.

On the one side it was contended that the certificates belonged to the estate; on the other part it was asserted that they were, and always had been, the property of Jane Barker, and were and are held by D. L. S. Barker as her agent, and not as the administrator of the estate.

While it appears that the court below seems to have gone into the question as to who was the owner of the property, and into the matter of who had possession of the certificates, at the time of the death of the intestate, it is only necessary for us to find that the court had before it a dispute as to who owned said property which the administrator had in his hands at the time he was settling his accounts. It is not disputed that the property came into his hands by virtue of his appointment as administrator. The fact that while he was the administrator he was also claiming the right of possession in his private capacity does not alter the case, for as administrator he was also the officer of the court; and the effect of the order was and is to retain under the control of the court property which *prima facie* appeared to belong to the estate until the question of ownership or right of possession may be settled in a proper action in the proper forum. This certainly was within the jurisdistion of the probate side of the district court. The administrator must get his orders from the court, and must obey all lawful orders. He may, if he be entitled to the possession of the property, and under protest, perhaps, leave it in the possession of the court, fearing punishment for contempt if he disobey; and, if he believe that he has the right to the possession of the certificates, bring appropriate action against the special administratrix to recover the same.

Nothing herein contained should be understood as, or misconstrued into, a holding that the district court in probate proceedings could lawfully and conclusively decide the dispute as to who was the real owner of the certificates.

The court did not exceed its jurisdiction in requiring the

administrator to turn over the property to the court's officer, to-
wit, the special administratrix, leaving Jane Barker and D. L.
S. Barker to proper proceedings in the proper forum to estab-
lish whatever rights they, or either of them, may have in the
property or to the possession thereof.

As a private citizen, Mr. Barker is a stranger to the probate
proceedings, so far as the record shows, and is not a party in
interest aggrieved by the said order, and for this reason also
the writ must be quashed.

Writ quashed and proceedings dismissed.

*Dismissed.*

Mr. Chief Justice Brantly:   I concur.

Mr. Justice Pigott:   I dissent.

Rehearing denied April 2, 1902.