Estate of Langenbach: Langenbach, Administratrix, Appellant, vs. Barrett and others, Respondents.

*March 4—April 1, 1930.*

The cause was submitted for the appellant on the briefs of *Henry C. Oakey* of Osceola, and for the respondents on that of *Howard D. Blanding* of St. Croix Falls.

ROSENBERRY, C. J. We have made a careful study of the record in this case in an effort to make final disposition of it, but we are unable to do so with any assurance that we are making a proper determination of the issues. While it is true that the fact that the administratrix had inventoried the cattle as belonging to the estate might be considered in determining whether or not she had a half interest, the inventory certainly was not conclusive. She was quite apparently inexperienced in business, may not have informed her attorney, may not have thought it necessary. At any rate the court should have permitted an inquiry to ascertain what the fact was. Having erroneously excluded all the evidence on the ground that it tended to vary a written instrument, there is nothing here upon which a determination of that question can be based. Certainly the parol-evidence rule in regard to the terms of a contract do not apply to an inventory. 5 Wigmore, Evidence (2d ed.) § 2405 *et seq*. An inventory is not conclusive; it is presumptive evidence of the facts therein stated as against the person who made it.

The testimony fails to disclose under what arrangement if any Stine operated the Rusk county farm. Some matters are testified to which indicate that it was a cropping arrangement. If so, it might well be that the administratrix had no right to dispose of the cattle until the end of the year or the end of the season at least. Evidence should have been adduced to show the circumstances under which Stine was in possession of the farm and stock. There is nothing of that kind in the record. The mere fact that milch cows sell for less in October than they might have brought in May is not by itself ground for surcharging the account of the administratrix in the absence of some misconduct on her part. Diminution in the value of the assets of an estate may occur without fault of an administratrix. The situation on the farm may have been such that it was for the best interests of the estate to retain the stock, pasture the land, sell the milk, rather than to make disposition of the stock in May.

Relevant and material testimony in the case is very meager and unsatisfactory. In this connection we may also suggest that the record is not properly condensed. Much printing might have been saved. The printed case is not properly arranged; the briefs do not have an outline of argument such as is required by the rule. Under the circumstances we find it necessary to reverse that part of the judgment appealed from and send the matter back for a retrial. In view of the state of the record neither party will recover costs. The appellant will pay the clerk's fees in this court.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded for further proceedings as indicated in this opinion.