HOWE, et al, Respondents, v. LARSON, et al, Appellants

(299 N. W. 876.)

(File No. 8442.  Opinion filed September 9, 1941.)

**Robert G. May,** of Sioux Falls, for Appellant.
**Odin R. Davis,** of Sioux Falls, for Respondents.

SMITH, J. The defendant, B. O. Stordahl, appeals from a judgment quieting title to real property in plaintiffs.

The facts are not in dispute. Plaintiffs' title is deraigned through George W. Wright, deceased. At the time of Wright's death, the property was occupied as a family homestead. He died intestate in 1921 and was survived by a wife and children. Thereafter, the widow continued to occupy the property as a homestead until December 31, 1932, at which time she vacated the property and joined in a warranty deed thereof conveying title thereto to her father, Perry E. Howe. The plaintiffs, other than the administrator of the estate of Perry E. Howe, are heirs at law of Mr. Howe, who also died intestate. At the time of the death of Wright the property did not exceed in either area or value the limitations fixed by statute dealing with the family homestead. On the 23d day of December, 1921, an administrator of the estate of George W. Wright was appointed by the county court of Minnehaha County. In the course of that proceeding the county court entered an order allowing

the defendant, Stordahl, a claim against the estate for $175 for attorney fees as a part of the expenses of administration. No appeal was perfected from that order. Other claims allowed have not been paid, and it is not shown that the estate is ready to be closed. Little remains of the estate except the property under consideration.

As indicated, the learned trial court decreed title in plaintiffs free of the described claim of defendant.

By apt answer and objections at the trial defendant contended that the county court of Minnehaha County had acquired jurisdiction of the subject matter in the above described proceedings in the probate of the estate of George W. Wright, deceased, and that no circumstances are shown to exist warranting the circuit court in interfering with those proceedings, or in exercising its equitable powers over the administration of the estate of a decedent. The adverse rulings of the trial court upon these objections are assigned as erroneous.

■■ The defendant invokes two well settled principles. The circuit court will not assume jurisdiction of the administration of the estate of a decedent under its ancient equitable powers until exceptional circumstances are shown indicating that the county court is incompetent to afford adequate relief. Trotter et al. v. Mutual Reserve Fund Life Ass'n et al., 9 S. D. 596, 70 N. W. 843, 62 Am. St. Rep. 887; Ward v. Du Pree et al., 16 S. D. 500, 94 N. W. 397; Welsh et al. v. Krause, 38 S. D. 264, 161 N. W. 189; Jacquish v. Deming et al., 40 S. D. 265, 167 N. W. 157; Haugen et al. v. Peterson et al., 63 S. D. 492, 260 N. W. 826; Song et al. v. Song, 64 S. D. 555, 268 N. W. 905. When a court of competent jurisdiction undertakes to deal with the subject matter of a case its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere. This second principle, which but seeks to promote an orderly and dignified procedure, yields to the more vital and fundamental principle of justice which affirms that every litigant shall be accorded his day before a tribunal com-

petent to afford adequate and complete relief. 14 Am. Jur.
436. So it appears that the competency of the county court
to deal adequately and completely with plaintiffs' rights is
the determining factor in the proper application of both
principles advanced by defendant.

The real controversy between plaintiffs and defendant
requires a construction of our statutes dealing with the
family homestead to determine whether the Legislature in-
tended that a husband's property, not exceeding in value or
area the limits fixed by law for such a homestead, which is
occupied as such at the time of the death of the husband,
and thereafter by the surviving wife, should be charged with
the expenses of administration of his estate while so occu-
pied by the wife, or that it should be so charged, if during
the course of the probate proceeding the wife vacates the
property and conveys her right, title, and interest by war-
ranty deed.

In support of the rulings of the court, plaintiffs point
out that the circuit court has jurisdiction of disputes be-
tween the owner and any person adversely interested as to
whether land is properly a homestead under SDC 51.1715,
and directs our attention to its broad powers under the
remedy dealing with adverse claims to real property. SDC
37.1501 et seq. The powers of the circuit court are not of
controlling significance. Its jurisdiction, using that term
in the sense of power to act or decide, may be conceded for
the purposes of this decision. Our present concern is with
reference to the competency of the county court to adequate-
ly and completely adjudicate the rights of plaintiffs as
against the defendant. If that court can afford plaintiffs
relief of the described character, the circuit court should
have stayed its hand.

It is to be observed that the plaintiffs claim through the
estate of George W. Wright and not adversely to it, and
authorities dealing with controversies between the personal
representatives and those who claim adversely to the estate
are not controlling. Plaintiffs' controversy is with those who
have claims for the expenses of administration. Of course,

beyond the adjudication of that controversy is their concern over an ultimate declaration of the title which descended to the heirs as a link in their chain of title. To trace through the statutory provisions for the purpose of demonstrating the competency of the county court to adequately and effectively adjudicate all of these matters as between the widow and the heirs on the one hand, and the claimants for expenses of administration on the other hand, would be futile. The statutes were designed to supply the power to deal effectively with these very matters, and their sufficiency is not open to question. Do plaintiffs, standing as they do in the position of grantees of the heirs, occupy a less favorable position than the heirs? We think not.

Whatever title is ultimately declared in the heirs will inure to the benefit of plaintiffs by force of the statutes of succession and the warranty deed conveying to plaintiffs. SDC 56.0102; Carter et al. v. Frahm et al., 31 S. D. 379, 141 N. W. 370, 375; SDC 51.1414(4). In our opinion, by the use of the phrase, "person interested in the estate" the Legislature intended to embrace grantees, and successors in interest, and thus give such persons standing as parties to certain proceedings connected with the administration of estates. As such, plaintiffs may appear and object to the sale or mortgage of their property for the payment of expenses of administration, SDC 35.1507, and if aggrieved by the resulting order they may appeal, SDC 35.2101(5); to bring about distribution and the entry of a final decree, they may compel an accounting, SDC 35.1606, force a final settlement, SDC 35.1608, and petition for final distribution, SDC 35.1707. We are not unmindful of the fact that the settlement of the estate has been unduly delayed, but plaintiffs are not blameless in the premises, as it does not appear that they have sought relief at the hands of the county court.

Because we have been unable to discern any respect wherein plaintiffs may not be accorded adequate and complete relief in the pending probate proceeding, we are impelled to conclude that the learned trial court erred in overruling the objections of the defendant.

Having determined that defendant's objections to the exercise of jurisdiction by the circuit court should have been sustained, we do not reach assignments dealing with the merits and have not intended to indicate an opinion on those issues.

The judgment and order of the learned trial court are reversed, and the cause is remanded with directions to dismiss the complaint as to the appealing defendant without prejudice to further proceedings by plaintiffs in the county court.

All the Judges concur.