[File No. 7160]

THOMAS HARRIS as Special Administrator of Estate of Dess Randalls, Deceased, Appellant, v. H. M. ERICKSON, as Administrator of Estate of Dess Randalls, Deceased, et al, Appellees.

(40 NW2d 446)

Opinion filed November 10, 1949.   Rehearing denied Jan. 9, 1950

*Paul Campbell,* for appellant.

*McGee & McGee,* for respondents.

GRIMSON, J.  This is an appeal from a judgment of the District Court of Ward County.  The facts as they appear in the evidence are that Dess Randalls was an unmarried man 68 years of age, that he had lived on and owned the property adjoining that of the appellant in Minot, N.. Dak., many years, that they had been closely associated during that time, that he claimed he had no living relatives, that he was in ill health and had been informed by his doctors that if he remained in this climate he would not live long, that he left Minot on January 21, 1948 going to Phoenix, Arizona, that prior to leaving he had taken some of his personal effects, including a bunch of keys, to the home of the appellant to keep them for him, that appellant claims he

then asked "What if you don't come back?" and that Randalls answered "You keep everything," that Randalls died in Phoenix February 26, 1948. Upon learning of the death of Randalls, appellant on February 28, 1948, petitioned for letters of special administration of his estate citing the State's Attorney and all unknown persons interested in the estate as respondents on the theory there were no living relatives. Arrangements were made with the county judge according to Sec. 57–3728 NDRC 1943, to open the safety deposit box rented by Randalls in the American State Bank, Minot, North Dakota. The key to said box, and the only key, was amongst the keys turned over by Randalls to the appellant. On March 1st appellant was appointed Special Administrator of Randall's Estate. On March 2nd the contents of the safety deposit box were examined and found to consist of currency in the sum of $2,997.00. This was deposited in the bank in the name of the appellant as special administrator but notice was given by the appellant that he claimed to own this money by virtue of a gift causa mortis. He used some of the fund to pay funeral and other expenses. Relatives of Randalls were found and made their appearance in the matter. The petition of appellant for appointment as administrator was withdrawn and the appointment of the respondent H. M. Erickson, as administrator, was stipulated. Thereafter the appellant filed his report as special administrator claiming the currency heretofore mentioned as his own property and refusing to turn it over to the administrator. Objections were filed by the administrator. A hearing was had upon that report. The county court found the fund to be an asset of the estate and ordered appellant to turn over that money to the respondent administrator. Appellant then took an appeal to the district court which affirmed the decision of the county court and entered judgment in accordance therewith. From that judgment this appeal is taken.

The real question here at issue is with regard to the ownership and handling of the $2,977.00 fund. The appellant claims the county court had jurisdiction to pass upon the ownership on the hearing of his report as Special Administrator and should have decided he was the owner. The respondent denies such jurisdic-

tion in the county court and contends title to the fund must be determined in a proper action in district court.

In the case of Arnegaard v. Arnegaard, 7 ND 475, 75 NW 811, 41 LRA 258, this court held that: "A county court, acting as a probate court, has no jurisdiction to try a question of title to property, as between the personal representative of a decedent and a person claiming in hostility to the estate."

This has been followed by many cases affirming that principle. See Gjerstadanger v. Van Duzen & Co. 7 ND 612, 76 NW 233; Finn v. Walsh, 19 ND 61, 121 NW 766; Muhlhauser v. Becker, 74 ND 103, 20 NW2d 353; In Goodin v. Casselman, 51 ND 543, 200 NW 94, this court said: "The probate court cannot try title to property."

This seems to be the general rule also adopted in other jurisdictions. See 34 CJS 968; 21 CJS 547; 1 Church New Probate Law and Practice 314.

The appellant contends that there is an exception to this rule in cases where the administrator himself claims title to the property. He claims that in such cases upon the filing of the administrator's final report the county court in settling his account has jurisdiction to pass upon the question of title to the property in the estate, which he claims in his own right, as an incident to its exclusive jurisdiction to settle the account of executors, administrators and guardians. Section 111 Constitution of North Dakota. He cites In re Wiley's Estate, 150 Neb 898, 36 NW2d 483, where the Nebraska Court holds, "County courts, in carrying out their exclusive original jurisdiction in matters relating to the administration of the estates of deceased persons, have jurisdiction to determine title to personal property claimed by representatives of decedents' estates."

In the annotation on this subject in 90 ALR 134 that is said to be the majority rule and supported by citations from California, Illinois, Maryland, Missouri, New Jersey, New York, Pennsylvania, Washington, and Wyoming. Courts in others states, however, have held that the probate court has no jurisdiction to determine title, even in such a case. Amongst whom are Kansas, Michigan, Montana, Texas, Louisiana and Alabama.

In the case of Stevens v. Superior Court, 155 Cal 148, 99

Pac 512, the reason given for such an exception to the general rule is that where the administrator himself claims property there is no one to bring suit for the determination of the title. The administrator cannot be compelled to bring suit against himself and the heirs are given no authority to do so. Therefore the court says: "It seems clear to us that the probate court must necessarily have the power to incidentally try and determine such an issue between the executor or administrator and the estate in matter of the settlement of his exhibits and accounts."

The supreme court of South Dakota, however, in just such a situation held the heirs could bring an action in circuit court for the recovery of the property claimed and not accounted for by the administrator. Song v. Song 64 SD 555, 268 NW 905. See also In re Dolenty's Estate, 53 Mont 33, 161 Pac 524, 529.

Moreover, recent California cases have limited the claimed exception to the rule. In Waterland v. Superior Court in and for Sacramento County, 15 Cal2d 34, 91 Pac2d 220, the administrator who claimed certain property and refused to account to the estate therefor, had resigned. The court said: "We are of the opinion that when an executor has resigned and his successor has qualified, that in contemplation of law, he is no longer executor of the estate, but on the contrary that his individual claim to property in good faith must then be determined in another tribunal of competent jurisdiction, and that the probate court loses its jurisdiction to try title to such property. The reason for that conclusion, as expressed by the authorities is that the obstacle preventing an executor from bringing an action against himself since he may not become both a plaintiff and a defendant in the same action, has been removed by his resignation and its becomes the duty of the acting executor or administrator to then bring suit against him in a proper court to determine the title."

In the instant case as soon as the respondent, Erickson, was appointed and qualified as general administrator the power and duties of the appellant as special administrator ceased, Sec. 30-0906 NDRC 1943. He was thereafter under no disability to bring suit for the determination of the title to the fund in-

volved. In re Jenning's Estate, 74 Mont 449, 241 Pac 618, 654. The reason given for such an exception, if any, to the general rule does not exist as far as this case is concerned. The rule laid down in Arnegaard case, supra, applies whether or not an exception to that rule would have existed had the plaintiff still been special administrator.

The county court had no jurisdiction to try title to this fund. The district court, on appeal, had only the same jurisdiction the county court had. See Arnegaard v. Arnegaard, supra; Muhlhauser v. Becker, supra; Stewart v. Lohr, 1 Wash 341, 25 Pac 457. A new proceeding must be brought in the district court to determine the title to this fund.

As a necessary corollary to the rule that the county court cannot try title it follows that the inventory shows only the prima facie title in the estate of the property included. In 33 CJS 1903 the principle is laid down that: "The inventory and appraisal are prima facie, but not conclusive, evidence of the value and ownership of the items of property included. The listing of property, or failure to list it, does not affect the true title." See also 21 Am Jur 471.

That is the construction that must be given to those sections of the probate code referring to the property of the decedent or of the estate. That also is the sense in which the probate and district courts used the words "assets of the estate" in their findings and conclusions..

The respondent argues that the appellant is estopped from claiming ownership to the fund involved because of his actions in depositing the money in his name as "special administrator." Such is not the case. The evidence shows that he made timely claim of ownership. He did what was right and proper in having himself appointed special administrator to attend to the immediate necessities in connection with the burial and affairs of the decedent. As such he took possession of the real estate and other property owned by the decedent. The safety deposit box containing this money was leased by the bank to the decedent. Prima facie it contained property of the decedent. Appellant properly took possession of the property as special administrator leaving to further determination his own right thereto. He

is the only one who may have suffered a detriment therefrom. His actions in connection with the whole matter were fair and do not in any way estop him from claiming the property. In re Belt's Estate, 29 Wash 535, 70 Pac 74, the Washington Court held: "It has been held that an inventory is not conclusive as to the decedent's ownership of the property, either against a third person or against an executor or administrator. Lamme v. Dodson, 4 Mont 560, 2 Pac 298; Anthony v. Chapman, 65 Cal 73, 2 Pac 889; Baker v. Brickell, 87 Cal 329, 25 Pac 489, 1067; Fulcher v. Mandell, 83 Ga 715, 10 SE 582; Stewart's Estate, 137 Pa 175, 20 A 554; White v. Shepperd, 16 Tex 163. If the filing of an inventory is not conclusive against the claim of an administrator to property therein contained, certainly where the administrator comes into possession of property, and refuses to inventory it upon the claim that it does not belong to the estate, but belongs to some third person or to himself no estoppel as to the title can be pleaded simply because, as in this case, the property was received in a representative capacity." See also In re Abdullah's Estate, 214 Wis 336, 252 NW 158; In re Love's Estate, 176 Tenn 696, 145 SW2d 778; In re Langenbach's Estate, 201 Wis 336, 230 NW 141; Crowe v. Brady, 5 Redfield's Reports, 1 NY Surrogate Courts.

The county court, having no right to pass upon the title to the fund in question, correctly ordered that it should be retained as an asset of the estate.

"It is immaterial that the outgoing administrator disputes the title of the estate to certain property and claims it adversely or claims that it belongs to one other than the decedent. Property which prima facie belongs to the estate should be retained under the control of the probate court until title is determined by proper proceedings designed to that end." 1 Bancroft's Probate Practice, page 609, sec. 320. See also In re Jenning's Estate, supra; State ex rel. Barker v. District Court, 26 Mont 369, 68 P 856.

The evidence with regard to the title to this fund cannot be considered as that matter is not now before the court since the county court had no right to pass on title "and there was no in-

dependent submission of the controversy to the district court." Muhlhauser v. Becker, supra.

The appellant in his final report set out the statement of funds expended and his costs as special administrator. Objection was made to some items in that account. No direct action seems to have been taken by the county court upon that account and no finding is made with regard thereto in either county or district court.

The judgment of the district court is affirmed but the case is remanded for further action upon the final account of the appellant as special administrator.

NUESSLE, C. J., CHRISTIANSON, MORRIS and BURKE, JJ., concur.

GRIMSON, J. (On Petition for Re-hearing.) The appellant in a petition for re-hearing asked this court to settle and allow his final account as special administrator. The record discloses, however, that on a hearing on his final report on May 17, 1948, a separation was made of the consideration of the account and of the question as to the determination of the title to the $2997.00 fund involved. More time was given to the administrator to investigate some items of the account. Briefs were to be furnished on the question of the determination of the title to the fund. An order was entered adjourning the hearing until June 1, 1948. On June 7, 1948, the county judge notified the attorneys of his ruling as to the possession of the fund. On the 8th of June the county judge made findings of fact, conclusions of law and order for judgment as to the fund only but made no reference to the account. A notice of appeal to the district court from that order restricts the appeal to the question of the turning over of that fund to the general administrator and the finding that it was part of the assets of the estate. Section 30–2608 NDRC 1943 permits the restriction of an appeal from county court to any specific direction or award contained in the decree. Upon the hearing in district court the appellant did offer some evidence on the account. That was strenuously objected to by the respondent on the ground that it was not before the court under the notice of appeal and he offered no

evidence bearing on that matter nor on the items which had been left to his further investigation at the time of the original hearing. While the court overruled the objection it apparently came to the conclusion that the only matter in issue on the appeal was the disposition of the fund and made its findings and conclusions accordingly.

Following that on the appeal to this court while trial de novo was asked for very little argument was made by appellant on the matter of the account and none at all by the respondent.

The appellant is entitled to a determination and settlement of his account and payment thereof out of the assets of the estate irrespective of the ownership of the fund in question. The issues involved were separable. It appears, however, that the county court did not pass upon the account and that the appeal from the county court was restricted to the transfer of the fund. Under the circumstances this court cannot pass upon the account and that matter must be remanded to the district and county courts for further action.

The Petition for Re-hearing is Denied.

NUESSLE, C. J., CHRISTIANSON, MORRIS and BURKE, JJ., concur.