ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* CONARTY.

Opinion delivered June 12, 1916.

1. APPEAL AND ERROR—APPEAL TO UNITED STATES SUPREME COURT—REVERSAL OF JUDGMENT OF STATE COURT—PRACTICE.—It is not the practice of the Supreme Court of the United States, upon reversing the judgment of a State court, to dismiss the case or remand it with directions, except where the decision is for want of jurisdiction; whatever was before that court and disposed of is considered as finally settled, but the inferior court, upon the case being remanded, is justified in considering and deciding any question left open by the mandate and opinion, and may consult the opinion to ascertain exactly what was decided and settled.

2. APPEAL AND ERROR—REVERSAL BY SUPREME COURT OF THE UNITED STATES—FINALITY OF THE JUDGMENT.—Plaintiff brought an action against defendant railway company for damages caused by the wrongful death of her husband. The defendant appealed to the United States Supreme Court from a judgment of this court, affirming a judgment in favor of the plaintiff, and the latter court reversed the judgment of this court; *held*, the cause of action alleged by plaintiff was finally determined by the judgment of the Supreme Court of the United States, and that the same issues could not again be tried upon a remand of the cause.

3. APPEAL AND ERROR—APPEAL TO UNITED STATES SUPREME COURT—REVERSAL OF JUDGMENT—PRACTICE.—Where, on appeal to the Supreme Court of the United States from a judgment of this court, and the cause of action alleged was fully determined by the former court, upon receipt of the mandate reversing its judgment, this court might have dismissed the case or remanded it with such directions to the lower court, but when it does not do so, and upon a trial anew, no amendment is made to the pleadings, it is the duty of the trial court to direct a verdict in the defendant's favor.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

The judgment in this cause on the first appeal was affirmed. 106 Ark. 421. A writ of error was granted and the Supreme Court of the United States reversed the judgment. 238 U. S. 243. It was there said:

"The right of recovery being based upon the Employer's Liability Act" * * * "The only negligence charged in the complaint was a failure to have the car equipped at the end struck by the engine, with an automatic coupler and drawbar of standard height as required by the Safety Appliance Act" * * * ".It is not claimed, nor could it be under the evidence, that the collision was approximately chargeable to a violation of those provisions, but only that had they been complied with, it would not have resulted in injury to the deceased" * * * "Nothing in either provision gives any warrant for saying that they are intended to provide a place for safety between colliding cars. On the contrary they affirmatively show that the principal purpose in their enactment was to obviate the necessity for men going between the ends of cars."

Our court, in 106 Ark., *supra,* said: "It is alleged that the car in question was being used in interstate commerce, and that decedent was employed by defendant, and was engaged at the time of his injury and death in handling cars in interstate commerce. The action was instituted under the Act of Congress known as the Employer's Liability Act, as amended by Act April 5, 1910, and is based upon the Safety Appliance Act (Act March 2, 1893, c. 196, 27 Stat. 531. (U. S. Comp. St. 1901, 3174)." * * * "The argument is that the injury resulted from the collision, which was in no way attributable to the absence of a properly equipped coupler * * * The evidence establishes the fact that the injury to deceased would not have occurred but for the absence of proper equipment. That was the direct cause of the injury, notwithstanding the collision."

Upon the return of the mandate the case was sent back by this court to the trial court, where, upon a new trial, 'the administratrix again recovered judgment against appellant railway company, from which this appeal is prosecuted.

When the case was called for trial the attorneys for plaintiff announced that they might want to amend their complaint, but did not state in what respect, and the pleadings were in no wise changed nor asked to be amended, and the defendant railway company objected to the introduction of any testimony on behalf of the plaintiff for the reason that no cause of action was stated in the complaint. The objection was overruled, however, and exceptions saved and the trial proceeded with.

The appellant objected to the introduction of all testimony adduced, tending to show negligence on its part not alleged as a ground for recovery in the complaint, and excepted to the court's adverse rulings thereon.

At the conclusion of the introduction of the testimony, appellant requested an instruction directing a verdict in its favor, which the court refused to give. It likewise objected to all the instructions of the court submitting any issues of negligence attempted to be raised by the testimony objected to, to the jury and from the judgment on the verdict prosecutes this appeal.

*W. F. Evans* and *B. R. Davidson,* for appellant.

1.  The only issues in this case were finally concluded and determined against appellee's right to recover by the U. S. Supreme Court on error. The decision of this court in 106 Ark. 421 was reversed but the cause was not remanded. This is equivalent to a dismissal. 238 U. S. 243.

2.  The complaint was not amended, although leave was asked to show a new cause of action and hence none of the testimony offered was admissible. A verdict should have been directed as all issues on the original complaint were finally settled by the decision of the Supreme Court of the United States. 83 Ark. 545; 149 Fed.

377; 160 U. S. 247; 166 *Id.* 263; 148 *Id.* 228; 109 Fed. 365; 17 Wall. 253, 260, 282; 238 U. S. 660, 491, etc.   The judgment should be reversed and the cause dismissed.

*Sam R. Chew* and *Hill, Fitzhugh & Brizzolara,* for appellee.

1. The complaint was sufficient either under the Federal or State law.  225 U. S. 477; 233 *Id.* 473; 234 *Id.* 86; 79 Ark. 490; 96 *Id.* 568.

2. The proof sustained the allegations of the complaint.   This case was not settled by the decision in 238 U. S. 243.   The court merely reversed the decision of this court, and on filing the mandate this court remanded for a new trial.   There was no error in the court's instructions, and none in the admission of testimony.

KIRBY, J., (after stating the facts).   Appellant contends that the issues in this case were finally concluded and determined against the right of appellee to recover by the decision of the United States Supreme Court, and that the trial court erred in not so holding, and in permitting it to go to trial upon the same pleadings, and in refusing to direct a verdict in its favor at the conclusion of the introduction of testimony, and its contention must be sustained.

On the first appeal this court held that the cause of action was based upon the Employer's Liability Act, and the negligence alleged, a failure to comply with the Safety Appliance Act, as specified, that notwithstanding the argument that the injury resulted from the collision which was in no way attributable to the absence of a properly equipped coupler, the evidence established the fact that the injury to the deceased would not have occurred, but for the absence of proper equipment, which was the direct cause of the injury, notwithstanding the collision.

The Supreme Court of the United States, in its opinion, likewise said the only negligence charged in the complaint was a failure to have the car properly equipped under the Safety Appliance Act as specified; that it was

not claimed, nor could it be under the evidence, that the collision was proximately chargeable to a violation of those provisions, but only, that had they been complied with it would not have resulted in injury to deceased. The complaint not having been amended to allege any other negligence as a cause of action, and all the testimony tending to show any other negligent act on the part of the railroad company than that alleged in the complaint, and for which it might be liable, having been duly objected to, the complaint can not be considered amended to conform to the proof or to the issue attempted to be raised by such testimony if it was otherwise sufficient for the purpose and the court erred in refusing to direct a verdict in appellant's favor.

(1)    It is not the practice of the Supreme Court of the United States, upon reversing the judgment of a State court, to dismiss the case or remand it with directions, except where the decision is for want of jurisdiction. *Atl. Coast Line Rd.* v. *Burnette,* 239 U. S. 199; *S. W. Tel. & Tel. Co.* v. *Danaher,* 238 U. S. 482; *American Seeding Machine Co.* v. *Kentucky,* 236 U. S. 660; *Sea Board Air Line* v. *Duvall,* 225 U. S. 477.

Whatever was before the court and disposed of is considered as finally settled, but the inferior court, upon the case being remanded is justified in considering and deciding any question left open by the mandate and opinion and may consult the opinion to ascertain exactly what was decided and settled. *Ex Parte Union Steamboat Co.,* 178 U. S. 317. In *Barney* v. *Winona & St. Peter Ry. Co.,* 117 U. S. 228, the court said: "We recognize the rule that what was decided in a case pending before us on appeal is not open to reconsideration in the same case on a second appeal upon similar facts. The first decision is the law of the case and must control its disposition; but the rule does not apply to expressions of opinion on matters the disposition of which was not required for the decision." See also *U. S.* v. *Ill. Cent. R. R. Co.,* 170 Fed. 542; *Clark* v. *Hershy,* 52 Ark. 473.

(2)   Appellee insists that the complaint fairly construed, states two causes of action, one under the Employer's Liability Act, for an injury negligently caused by the collision of the engine with the standing defective coal car, the other for an injury caused by the negligence of the railway company in failing to properly equip said coal car with a coupler in compliance with the Safety Appliance Act, and that she is only concluded by said court's decision upon the latter cause of action. We do not agree with the contention that two causes of action are alleged. The complaint states, "And plaintiff says that while her said intestate, W. G. Conarty, was so upon said footboard and in the discharge of his duty towards the defendant, and while said locomotive was being moved for the purpose of so · distributing the said cars * * * he was by and through the carelessness, negligence, wrongful and unlawful management and conduct of the defendant, as hereinafter set forth and complained of, caused to be caught between the front end of said locomotive and an end of a certain coal car * * *. Then after allegations descriptive of the car, the nature and character of the injury to deceased and damages resulting, the following, "Plaintiff says that said negligence, carelessness, wrongful management and unlawful conduct of the defendant consisted in this, to-wit:  That it negligently, wrongfully, carelessly and in violation of the laws and acts of the Congress of the United States," with the specific statement of the cause and manner of the injury from the defective coal car not equipped with a coupler according to the requirements of the safety appliance act, now conceded to be the negligence alleged as the basis of the cause of action finally determined by the Federal Supreme Court, followed by the allegation, "And plaintiff says that by reason of said negligence, carelessness, wrongful management and unlawful conduct of said defendant, as aforesaid, and while said coal car was so upon said main line track, the said locomotive upon which her said intestate was then and

there so upon, as aforesaid, ran into and collided with the said defective end of said coal car, thereby causing her said intestate to be caught between the said end of said coal car and said locomotive and injured as aforesaid.''

There was no question of pleadings before the court for decision on the former appeal but only whether the injury resulting from acts complained of in failing to equip the defective coal car with the coupler in accordance with the requirements of the safety appliance act constituted a cause of action, and the statements in the opinions that the only negligence charged was a failure to have the car so equipped was not an adjudication, but only a recognition, of that fact. There is no allegation in the complaint from which it can reasonably be inferred that the collision was caused by or resulted from the negligence of the railroad company, and it was error to admit testimony in proof thereof over appellant's objection. *Western Union Tel Co.* v. *Webb,* 94 Ark. 350; *C., O. & G. Ry. Co.* v. *State,* 75 Ark. 369; *Patrick* v. *Whitely,* 75 Ark. 465.

(3) The cause of action alleged having been finally determined by the United States Supreme Court, this court could doubtless have, upon the receipt of the mandate reversing its judgment, dismissed the case or remanded it with such direction to the lower court, but not having done so and no amendment to the pleadings having been made, the trial court erred in not directing a verdict in appellant's favor. The judgment is accordingly reversed and the cause dismissed.