Hudson v. Riley.

---

No. 21,901.

CHARLES B. HUDSON and GEORGE MCGILL, *Appellees,* V. L. C. RILEY, FRED TAINTOR, and M. E. RILEY, *Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Written Agreement Relating to Same Matter—Two Instruments Construed Together.* Where two or more writings are executed at the same time, by the same parties, relating to the same subject matter, and one of such writings refers to the other, and it is deposited with a third party, to await the happening of certain contingencies, both should be treated and interpreted as a single contract.

2. SAME—*Interpretation of Writings for Court—Option to Buy Capital Stock—Consideration for Note.* The interpretation of the writings is a question of law for the court, and it is held herein that the transaction between the parties, as evidenced by the writings, gave the defendants an option to buy certain capital stock, and was not an outright sale of it, and that unless such stock was purchased as specified in the agreement, there was no consideration for the note deposited with the escrow agreement and the shares of stock offered for sale.

3. SAME—*Unambiguous Written Contract—Parol Evidence to Vary its Terms Inadmissible.* Where parties, after negotiations, commit their agreements to an unambiguous writing, it is to be presumed that every stipulation and material matter have been included in the writing, and parol evidence of preceding conversations or negotiations in conflict with the written contract are not admissible in evidence.

4. NEW TRIAL—*Court Dissatisfied with Verdict—Duty of Court.* Upon a motion for a new trial, the duty devolves on the trial judge to exercise his own judgment as to the credibility of witnesses and the probative force of their testimony, and when he is of the opinion that the verdict is not warranted by the testimony, it is his duty to set it aside and grant a new trial.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 12, 1919. Affirmed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler,* and *George L. Siefkin,* all of Wichita, for the appellants.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action to recover upon a promissory note for $20,000, the jury found for defendants, but the court set aside their findings and verdict and granted a new trial, and from that order defendants appeal.

It is contended that the main ground assigned by the court for granting a new trial was insufficient. In connection with the execution of the note on which a recovery was sought, the following escrow agreement was made:

"THIS AGREEMENT hereby made and entered into this 7th day of October, 1916, by and between Geo. McGill and Chas. B. Hudson of Sedgwick county, Kansas, parties of the first part, and L. C. Riley and Fred Taintor of Sedgwick county, Kansas, parties of the second part.

"WITNESSETH, that whereas the said parties of the second part have for value received executed a certain promissory note together with M. E. Riley in the sum of twenty thousand dollars made payable to said parties of the first part at the expiration of ninety days from this date, January 5, 1917.

"Now therefore, it is hereby agreed by said parties of the first part that they will deposit with the Union State Bank of Wichita, Kan., one thousand shares of the capital stock of the Producers Oil & Gas Company, a Kansas corporation, to be assigned to said parties of the second part upon payment of said note when the same falls due as follows: five hundred of said shares to be assigned to L. C. Riley and five hundred of said shares to Fred Taintor. It is further agreed by and between the parties hereto that in the event said note is not paid when due then said one thousand shares of stock shall be delivered by said bank and revert to said parties of the first part.

"In witness whereof said parties to this agreement have hereunto set their hand on the day and year first above written."

Testimony was offered by the plaintiffs as to oral statements made prior to and at the time the writings were executed, to the effect that the note was given in consideration of an outright sale of shares of the capital stock of the oil company mentioned in the agreement, and that it was not an option.

The court instructed the jury, in effect, that if there was an oral agreement by which the plaintiffs sold the capital stock to defendants, and if the note was given by defendants as the purchase price of the stock, it constituted the consideration for the note, and their verdict should be for plaintiffs, regardless of the terms of the escrow agreement, and that consideration should be given to the escrow agreement only in case it was found that no oral agreement for the purchase of the stock had. been made.

There was a further instruction that if there was no oral agreement in regard to the purchase of the stock and the execution of the note, nor any other agreements than the note and escrow agreement themselves, that these writings—

"Did not constitute an .agreement for the purchase of said shares of stock, but merely gave Riley and Taintor the right to have said stock assigned to them upon the payment of said note for twenty thousand dollars, and if Riley and Taintor did not take the stock, said escrow agreement would constitute simply an offer to sell and there would be no consideration for the note and your verdict should be for the defendants."

In the tenth instruction the jury were told that—

"Evidence has been introduced in behalf of the plaintiffs tending to show that they sold one thousand shares of stock to Riley and Taintor and that the purchase of such stock was the consideration for the note sued on in this action. This testimony has not been denied by any witnesses on the part of the defendants. The witnesses who testified to the sale of the stock have not been impeached as to their truth and veracity. If there was nothing in their demeanor upon the witness stand or in their statements to discredit their testimony, their testimony should be accepted by you. The uncontroverted testimony of a credible witness ought not to be lightly disregarded. You have no right to substitute a fanciful hypothesis to account for facts which are explained by direct testimony," etc.

In connection with its verdict, the jury specially found that there was no agreement other than a note and escrow agreement; that the object of having Mrs. Riley sign the note was to satisfy the plaintiff; that the reason the note was drawn so as to bear interest after it became due was because it was so written; that there was no evidence to show that the stock was placed in the bank so that defendants might sell it and apply the proceeds on the note; that defendants did ask for an extension of time on the option, but did not agree to pay the note; that the shares of stock were placed in the bank and indorsed

in blank, ready to be delivered to either of the parties; that defendants took and paid for one hundred shares of stock the day the note was made; and that the note was held conditionally, but that no evidence was offered to show that it was to be delivered back to the defendant.

The order granting the new trial was based on three grounds, which were stated by the court:

First: "That the jury disregarded the instructions of the court and especially the tenth instruction which told the jury in effect that the evidence of the plaintiff tending to show that the note was executed in consideration of the sale of one thousand shares of stock had not been denied by any witness on the part of the defendants, that the witnesses who testified to the sale of the stock had not been impeached as to their truth and veracity and if there was nothing in their demeanor upon the witness stand to discredit their testimony, their testimony should be accepted."

Second: "That the verdict was contrary to the evidence."

Third: "That the jury disregarded the testimony of credible witnesses for the plaintiff who testified as to what was the consideration for the note sued on."

Defendants insist that the court rested its decision on the first ground stated as to the disregard of the tenth instruction, in that the jury had failed to accept uncontradicted testimony tending to show that the note was executed in consideration of a sale of the capital stock. There is some difficulty in determining what was meant by that statement of the court, but however it may be understood, there were other reasons given by the court for granting a new trial, and a sufficient one is that the court found that the verdict was contrary to the evidence. The judge heard the evidence and was required to exercise his own judgment as to its credibility and probative force, and as has been said: "When the judgment of a trial judge tells him the verdict is wrong, . . . no duty is more imperative than that of setting it aside" and granting a new trial. (*K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108.)

There is a cross appeal by the plaintiffs, based on a contention that no defense to the note was offered by the defendants, and that therefore the court should have sustained plaintiffs' demurrer to defendants' evidence. It is contended by plaintiffs, and one of the instructions of the court is to the effect, that the escrow agreement afforded no evidence that the trans-

action was a mere option to buy the stock placed in escrow. The escrow agreement admitted in evidence, of itself, tended to prove that there was not an outright sale of the stock. As the note and agreement were executed at the same time and concerning the same transaction, they must be construed together. (*Miller v. Edgerton*, 38 Kan. 36, 15 Pac. 894; *Windmill Co. v. Piercy*, 41 Kan. 763, 21 Pac. 793.) These writings, when construed together, appear to express the contract of the parties. The escrow agreement was deposited with the bank, and its conditions are reasonably explicit. It recited the execution of the note and named the contingencies on which a transfer of the stock that formed the consideration of the inchoate note might be effected. The conditions, in effect, were that if the defendants should at the end of the specified time of payment (being ninety days after the note and agreement were signed) pay the amount of the note, the capital stock should be transferred and the sale completed; and if such payment should not be made at that time, the stock should revert to the plaintiffs. The conditions do not indicate an absolute sale of the stock, but rather an agreement giving the defendants an option to buy, and providing that the stock should only be assigned and transferred to the defendants upon payment of the $20,000 named in the note. In case that payment was not made, the bank was required to turn back the stock to the plaintiffs. It was not specifically provided what disposition should be made of the note in case of nonpayment, but it had only been conditionally delivered, and if the title to the capital stock was not transferred as stipulated in the agreement, there would be no consideration for the note and no right of recovery upon it by the plaintiffs. The note and agreement having been executed on the same day, relating to the same subject matter, and one referring to the other, must be regarded as a single contract, and together they furnished evidence that there was not an outright sale of the stock. The construction of the contract so made was a question of law for the court, and the meaning and effect of the writing should have been stated to the jury. As the agreement gave defendants an option to buy the stock, the court was not warranted in telling the jury that no evidence had been given disputing the testimony that there had been an actual sale of the

stock.    The agreement being before the court, no error was committed in overruling the demurrer to defendants' evidence.

It appears that some evidence was received which varied and contradicted the written contract.    Where parties, after negotiations, commit their agreements to an unambiguous written contract, it is to be presumed that they have included in it every material matter, and parol evidence of the preceding negotiations or declarations, in conflict with the written contract, is not admissible.    (*Milich v. Armour*, 60 Kan. 229, 56 Pac. 1; *Railway Co. v. Truskett*, 67 Kan. 26, 72 Pac. 562.) The defendants cannot complain of the admission of the testimony, however, as they made no objection to it; but, on the contrary, treated it as proper and material.    The rule referred to does not apply to subsequent or other distinct agreements.    Plaintiffs did offer evidence of a subsequent agreement, to the effect that after the specified time of payment had elapsed, the defendants undertook and agreed to pay the note, in consideration that plaintiffs would postpone payment and the completion of the contract until the 18th day of the following month.

On the whole case it is clear that the order granting a new trial should not be set aside, and therefore the judgment of the trial court is affirmed.