No. 24,457.

CHARLES B. HUDSON and GEORGE McGILL, *Appellees*, v. L. C. RILEY, FRED TAINTOR and M. E. RILEY, *Appellants*.

SYLLABUS BY THE COURT.

1. SALE—*Corporate Stock—Consideration Cash and Note—Completed Transaction—No Optional Contract—Sale Not Affected by Subsequent Agreements of Parties.* Upon the evidence in the record it is held that a sale of capital stock in a corporation and the execution and delivery of a note in part payment therefor, was a separate and distinct transaction from subsequent agreements relating to the depositing of the stock as security for the payment of the note at its maturity if the payees of the note would not transfer the same to another, and that the later agreements did not convert the transactions into an optional sale of the stock, nor affect the obligation of the makers to pay the note when it became due.

2. SAME—*Amendment of Reply—No Abuse of Discretion.* It is also held that there was no abuse of discretion in permitting an amendment of plaintiff's reply.

3. SAME—*Rulings on Former Trial and Appeal Not Res Judicata.* Nor did any ruling or comment made in the decision of a former appeal from the granting of a motion for a new trial of the case become *res judicata* as to the facts developed on the second trial, and even if an erroneous view had been taken it would still be competent for the court to correct the error where it can be done before the litigation is finally terminated.

Hudson v. Riley.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed October 6, 1923. Affirmed.

*Fred B. Stanley,* and *Vincent F. Hiebsch,* both of Wichita, for the appellants.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment awarded to plaintiffs upon a promissory note executed by the defendants for $20,000.

The execution of the note was admitted, but defendants claimed that it was conditionally delivered to plaintiffs to become their property in case the defendants, L. C. Riley and Fred Taintor, should exercise an option given them to purchase certain shares of the capital stock held by plaintiffs in the Producers Oil and Gas Company; that the execution of the note and the option agreement constituted a part of the same transaction; that the option given them to purchase the stock had not been exercised, and, therefore, no recovery could be had upon the note.

From the facts found by the trial court it appears that plaintiffs and Riley were owners of stock in the company, Riley being the president, and each of the plaintiffs being a director. Negotiations were had as to the sale of the stock held by plaintiffs to Riley and Taintor, and the sale was made of 1,100 shares of stock at $20 per share, for which Riley and Taintor paid $2,000 in cash and gave their note for $20,000, payable in ninety days with interest from maturity at the rate of ten per cent per annum. Mrs. M. E. Riley joined in the execution of the note and when executed it was delivered to the plaintiffs and they in turn assigned and delivered the shares of stock to Riley and Taintor. After the transfers were completed and plaintiffs had left the room where the transactions were had, Taintor called them back and requested them not to transfer the note, as he feared that such transfer would injure his credit. They replied that they would not hold the note unless the makers would put up the stock, which had been sold, as security for the payment of the note. Taintor objected to that, saying that he and Riley desired to sell some of the stock, when an arrangement between them was made by which the stock could be surrendered as it was sold. At the end of these negotiations the following agreement was signed by the parties:

"This agreement hereby made and entered into this 7th day of October, 1916, by and between Geo. McGill and Chas. B. Hudson of Sedgwick County, Kansas, parties of the first part, and L. C. Riley and Fred Taintor of Sedgwick County, Kansas, parties of the second part,

"WITNESSETH: That whereas the said parties of the second part have, for value received, executed a certain promissory note together with M. E. Riley in the sum of Twenty Thousand Dollars made payable to said parties of the first part at the expiration of ninety days from this date of 1/5/17.

"Now, therefore, it is hereby agreed by said parties of the first part that they will deposit with The Union State Bank of Wichita, Kansas, One Thousand shares of the capital stock of the Producers Oil & Gas Company, a Kansas corporation, to be assigned to said parties of the second part upon payment of said note when the same falls due as follows, five hundred of said shares to be assigned to L. C. Riley and five hundred of said shares to Fred Taintor. It is further agreed by and between the parties hereto that in the event said note is not paid when due then said one thousand shares of stock shall be delivered by said bank and revert to said parties of the first part.

"IN WITNESS WHEREOF, said parties to this agreement have hereunto set their hand on the day and year first above written.

(Signed)      GEO. McGILL,
CHAS. B. HUDSON,
*Parties of the first part,*
FRED TAINTOR,
L. C. RILEY,
*Parties of the second part."*

The note was not deposited in the bank with the written agreement, nor did Riley or Taintor ever request that it be placed there. It remained in the hands of the plaintiffs until this action was brought. The trial court found as a fact that the execution and delivery of the note in payment of the stock was a separate and distinct transaction from the agreement subsequently made that plaintiffs would not transfer the stock if Riley and Taintor would put it up as security for the note which had been given them would be paid at its maturity. After it matured and when plaintiffs were pressing defendants for payment, the latter stated that they considered the transaction to be an option, and plaintiffs insisted that it was not, and further stated that if defendants were not going to pay the note, plaintiffs might just as well begin suit on it at once. One of the defendants then said that they were not in a position to pay it at this time and did not want a suit brought thereon, and if plaintiffs would not sue on the note for a month, nor before February 18, 1917, they would pay the note before that time. Plaintiffs agreed to forbear bringing a suit until that time.

The trial court concluded that there was an unconditional sale of

Hudson v. Riley.

the stock which was paid for in cash and the delivery of the note in suit; that the sale of the stock and delivery of the note were fully executed and were wholly distinct from any other dealings between the parties, and had never been merged in any other agreement, nor was any other agreement ever substituted therefor. It was held that the transaction not to negotiate the note and that the stock should be put up as security for the note were merged in the writing called the escrow agreement; that this transaction was entered into after the sale of the stock and the execution of the note; that the two transactions were not to be considered together, and their dealings did not constitute a single contract, and that the subsequent agreement not to negotiate the note and the making of the escrow writing in no way affected the obligation of the defendants to pay the note. The defendants argue that all the transactions should be considered and construed together, and when so considered they constitute an option to purchase stock for a fixed consideration, and having declined to exercise the option the note is without force.

It is further argued that the evidence of the oral agreements not to sell the note on the condition that the stock should be put up as security as provided in the escrow agreement was not proper proof, as it contradicted the written agreements, citing *Hudson v. Riley,* 104 Kan. 534, 539, 180 Pac. 198. That appeal brought up for review the granting of a new trial, and what was said in that opinion only related to questions presented in the record of that case. A new trial has been had, and the present appeal must be determined on the evidence produced at the second trial. The former judgment cannot be regarded as *res judicata* of the controverted questions arising upon the evidence brought up on this appeal. (*King v. Mollohan,* 61 Kan. 683, 60 Pac. 731.) Even if the pleadings had been unchanged and the evidence in the second trial the same as in the first, the decision on the first appeal is not necessarily controlling. If there was error in the ruling it is competent for the court to correct it, and especially where it can be done before the litigation in which it occurred has been finally terminated. (*Railway Co. v. Merrill,* 65 Kan. 436, 451, 70 Pac. 358.) In *Hudson v. Riley,* supra, it was stated that "where parties after negotiations commit their agreements to an unambiguous written contract, it is to be presumed that they have included in it every material matter, and parol evidence of the preceding negotiations or declarations in conflict with the written contract is not admissible." (p. 539.) Here, however, the court has found upon sufficient evidence that

the purchase of the stock and the execution of the note was a separate, distinct and completed transaction and subsequent agreements not designed to be substituted for or merged in the former transaction cannot be regarded as contradictory of or affecting the binding force of the completed agreement. The evidence sufficiently sustains the finding of the trial court that the execution and delivery of the note was a completed transaction and was independent and distinct from the later one. The circumstances disclosed in the evidence tend to show that there was an outright and not an optional purchase of the stock, and under the findings of the court it cannot be regarded as an option.

Complaint is made of the plaintiffs' amended reply, in which the agreements not to negotiate the note and the putting up of the stock as security for its payment were set forth in detail. The complaint is based upon the ground that they conflict with earlier proceedings and set up new causes of action. They cannot be so treated. These were defensive matters pleaded to meet the averments in defendants' answer that the note was a conditional obligation and a part of an optional purchase of stock. The circumstances of the subsequent transaction were alleged in the reply to show that they did not affect the completed transaction of an absolute sale of stock, a cash payment thereon of $2,000 and the giving of the note for the balance of the purchase price. In their first reply plaintiffs had alleged that the sale of stock was absolute and that no conditions had been attached to the delivery of the note. The court permitted the filing of the amended reply, explaining and setting forth the dealings between the parties subsequent to the delivery of the note for the purpose of showing that they were independent of the first transaction and constituted no defense to the action on the note. No error was committed in allowing the amendment. It was only an elaboration of the defensive matters already pleaded and which had been developed on the first trial of the case. Courts are liberal in permitting amendments to pleadings and they are vested with considerable discretion in that regard. It cannot be said that the trial court abused its discretion in this instance. The new promise to pay the note made in February, 1918, alleged in the amended reply, may be laid aside, as the trial court found it was without consideration and no appeal has been taken from the ruling.

We discover no error in the proceedings, and, therefore, the judgment is affirmed.