CLINTON WALLING, PLAINTIFF-APPELLANT, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided July 31, 1939.

Before Justices CASE and HEHER.

For the plaintiff-appellant, *Parsons, Labrecque & Borden* (*Theodore D. Parsons*).

For the defendant-respondent, *Aulenrieth & Wortendyke* (*Reynier J. Wortendyke, Jr.*).

The opinion of the court was delivered by

CASE, J. There was an earlier trial ánd judgment from which there was an appeal determined and reported in 120 *N. J. L.* 577.

The facts proved at the second trial may be epitomized thus: Plaintiff was the owner or lessor of a property whereon from the month of March to the month of November in each year he had for several years conducted a roadstand in close proximity to his dwelling. His light was provided by the electrical service of the defendant company. That service

began in May, 1935, and at that time plaintiff paid to the company a deposit of $20 "as security for payment of indebtedness of electric and gas service to become due" the company. The receipt for the deposit contains this further provision: "This sum will be returned to the depositor only when all bills due the company have been paid and service discontinued." About the tenth of February, 1937, plaintiff received a bill in the amount of $7.02, of which sum $3.42 was the current bill for the last preceding fiscal month and $3.60 was a statement of alleged arrears for the preceding month. Plaintiff went to the defendant's office and paid the item of $3.42 and stated that he had paid the item of $3.60 but could not find the receipt. He was informed that the records of the company did not show payment and that unless he could produce the receipt it would be necessary for him to pay that amount of money. The following day plaintiff received a notice through the mail that unless the disputed amount was paid on or before February 27th the current would be shut off. Plaintiff did nothing in response to the notice. On the morning of Monday, March 1st, one of defendant's linemen came to the plaintiff and said that he would have to shut off the current unless the receipt was produced. The receipt was not produced and during the afternoon of that day the lineman returned, restated his demand and on non-compliance shut off the current. Plaintiff had theretofore made casual search for the receipt but upon the shuting off of the electricity he made earnest in endeavoring to find the receipt and did find it within the course of an hour and a half. At the time of this occurrence plaintiff was in the course of making alterations to the roadstand structure and was ordering goods for the season's opening, which he had hoped would be on March 6th. The opening actually was on March 20th.

That is the state of the proofs taken at the trial out of which this appeal issues and, in our view, there are no inferences legitimately to be drawn beyond the facts as stated. There was no actual damage proved, but it would be unjust to make ultimate disposition of the case upon that ground for the reason that plaintiff appears to have been thwarted in his effort to prove his case by a misapprehension by court

and opposing counsel of the legal effect of the earlier appeal. The briefs assume that we shall consider the effect of the testimony taken at the first trial upon the present appeal. That testimony is not before us and now has no efficacy. We think it unwise to pass upon points not argued and shall therefore rest by answering the questions which respondent presents as the issues to be decided, namely:

"1. Did this court, in *Walling* v. *Jersey Central Power and Light Co.,* 120 *N. J. L.* 577 (the former appeal in this case), decide that the act of defendant, electric light company, in cutting off current supply from plaintiff, customer-consumer, gave rise to a cause of action *ex delicto,* or only to a cause of action *ex contractu* in behalf of plaintiff?

"2. If this court, on said former appeal, decided that plaintiff's cause of action, if any, was one *ex contractu* only, could plaintiff, upon the same evidence adduced upon the former trial, recover more than nominal damages?

"3. Was the decision of this court on said former appeal the law of the case on retrial under the same pleadings and upon the same evidence (produced or proffered)?"

Both branches of the first question are answered in the negative. The opinion did not hold that the action of the defendant gave rise to a cause of action *ex delicto* and did not hold that it gave rise only to a cause of action *ex contractu.* That was made clear by Mr. Justice Porter in these words (italics ours):

"The theory of the plaintiff was that the action of the defendant in discontinuing service under the circumstances was a breach of a duty owing to him by the defendant, and hence the action was brought in tort. The defendant defended the action on the ground that an action in tort would not lie, and that if anything, it should have been in contract. The same contention is made here. * * * Hence, when it (viz., the defendant company) discontinued service where, as here shown, payment had been made for electric current previously sold and delivered, *there was a breach of contract by the defendant. Whether or not there was also a tortious act committed upon which an action for damages would lie we do not find it necessary to decide.*"

The second question becomes pointless because the hypothesis upon which it rests is untrue.

The decision of this court on the earlier appeal was that the trial court had erred in its charge to the jury. To the extent of the decided issue that determination is, of course, controlling; but we are quite unable to discern the application of it to the issues now before us.

The argument of the attorney for the defendant on the motion for nonsuit and the granting of that motion by the court seem to have assumed that the Supreme Court had decided that which, as we have stated above, it had not decided, and that the testimony taken at the first trial had a vitality which, without introduction or stipulation, it could not have.

The judgment below will be reversed, with costs.